UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) No. 6:11-CR-16-GFVT-HAI-1 |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| CHRISTOPHER LEE CARTER, | ) RECOMMENDED DISPOSITION<br>) |
| Defendant. | )<br>) |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court, on referral (D.E. 197), considers reported violations of supervised release conditions by Defendant Christopher Lee Carter. District Judge Van Tatenhove entered a judgment against Defendant on September 19, 2011, for aiding and abetting his co-defendants (and vice versa) to willfully and knowingly steal and purloin various property belonging to the United States Department of Agriculture Forest Service, the total value of which exceeded $1,000.00. D.E. 99. The Judgment included 24 months of imprisonment and a three-year term of supervised release to follow. *Id.* at 3–4. Defendant's term of supervised release began on October 16, 2012.

On December 26, 2013, the United States Probation Office ("USPO") issued a Supervised Release Violation report ("the Report") charging Defendant with three violations, and then secured a warrant from District Judge Van Tatenhove on January 2, 2014. D.E. 194. The Report alleges that Defendant violated the condition of his supervised release that he "not commit another federal, state, or local crime" in two separate instances. It further alleges that Defendant violated Standard Condition No. 11, which states "[t]he defendant shall notify the

probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."

Specifically, as to Violation #1, the Report states that, on October 26, 2013, Defendant was arrested pursuant to a warrant issued by the Laurel County District Court and charged with Theft by Unlawful Taking Over $500 but Under $10,000 pursuant to KRS §514.030(2)(d), a class D felony. The charge was amended to Theft by Unlawful Taking Under $500, a class A misdemeanor, upon Defendant's guilty plea. He was sentenced to 360 days of incarceration with 180 days conditionally discharged for two years. At the time of the Report, Defendant was serving the 180 days that were not conditionally discharged.

The Report further states, as to Violation #2, that on November 15, 2013, Defendant was again arrested pursuant to a warrant issued by the Laurel County District Court and charged with Receiving Stolen Property Under $10,000 pursuant to KRS § 514.110(1) and (3)(a), a class D felony. At the time of the issuance of the Report, the charge was scheduled to be presented to the Laurel County Grand Jury. On January 21, 2014, the USPO issued a Supervised Release Violation Report Addendum ("the Addendum") stating that on January 17, 2014, no true bill was returned by the Laurel County Grand Jury as to the charge and thus it was dismissed completely. The Addendum further relayed that the dismissal of the charge had altered Defendant's U.S. Sentencing Guidelines range in this action by effectively eliminating the Grade B violation charged in Violation #2, leaving a Grade C violation as the most serious charged. Violation #3 is based on Defendant's failure to report both the October 26, 2013 and November 15, 2013 arrests to the USPO.

The Court conducted an initial appearance pursuant to Rule 32.1 on January 21, 2014, and set a final hearing following Defendant's knowing, voluntary, and intelligent waiver of his

right to a preliminary hearing. D.E. 195. At that time, the United States made an oral motion for interim detention, to which Defendant did not object. *Id.* Based on the heavy burden on Defendant under 18 U.S.C § 3143(a), the Court found that detention was required. *Id.*

At the final hearing on January 28, 2014, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 199. At the outset of the hearing, the United States moved to dismiss Violation #2 based on the information contained in the Addendum (*Id.*), and relayed to the Court that the parties had agreed to a proposed sentence of nine months of incarceration, and 27 months of supervised release to follow, premised upon Defendant's stipulation to Violations #1 and 3. Defendant stipulated to both remaining violations, and admitted the factual basis for both violations, as described in the Report. *Id.*

The Court has evaluated the entire record, including the Supervised Release Violation Report and accompanying documents, the Addendum, the underlying Judgment in this matter, and Defendant's pre-sentence investigation report. Additionally, the Court has considered all of the 18 U.S.C. § 3553 factors imported into the 18 U.S.C. § 3583(e) analysis. Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 18 U.S.C. §§ 2 and 641, is a Class C felony. *See* 18 U.S.C. § 2, 18 U.S.C. § 641, 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend

ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under U.S. Sentencing Guidelines Manual § 7B1.1, Defendant's admitted conduct qualifies as a Grade C violation with respect to both Violations #1 and 3. Given Defendant's criminal history category of III (the category at the time of the conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is 5–11 months. Both parties agreed to this calculation of the range.

The Court has considered all of the 18 U.S.C. § 3553 factors imported into the 18 U.S.C. § 3583(e) analysis, and finds that imprisonment of nine months is appropriate based upon those factors.

Defendant's original conviction in this case was for theft. The admitted violation is also for theft. It troubles the Court that after two years of federal imprisonment, Defendant has returned to committing the same type of crime for which he was originally incarcerated.

Defendant's history and characteristics only exacerbate this concern. Defendant's criminal history reflects a pattern of behavior beginning in 2008. Defendant was convicted in 2008 of possession of a controlled substance and paraphernalia as well as two counts of theft. In 2010, Defendant was charged with burglary and theft, and in 2011, he was charged with receiving stolen property. The thefts leading to the issuance of the Report are not isolated incidents; they reflect a pattern of criminal behavior on the part of Defendant.

The need to deter criminal conduct and protect the public is the driving factor in the Court's analysis. As noted above, Defendant's criminal history is one in which theft plays a large role. Two years of federal incarceration seems to have had little or no effect on Defendant's decision-making when it comes to taking property to which he has no right.

Defendant's original sentence of two years was the result of generosity and hope on the part of the Court; his Guidelines range was 30 –37 months, well above the 24 months he received. Instead of justifying the break given to him at sentencing, Defendant has violated his supervised release by committing a similar crime to that for which he was convicted. Because Defendant did get a break at sentencing as to the original conviction, the Court finds that it is appropriate to sentence Defendant above the middle of his Guidelines range upon revocation.

The need to provide Defendant with education, training, or treatment is not a strong factor in the Court's analysis. There is no indication that education, training, or treatment is warranted in this case at this time.

A significant factor in this case is the breach of trust committed by Defendant. The Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S. Sentencing Guidelines Manual 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The nature of supervised release includes trust placed in Defendant to strictly adhere to the conditions of his release, but Defendant has breached that trust. A significant term of imprisonment is warranted to address this breach. The Court finds that revocation and a term of incarceration of nine months followed by 27 months of supervised release will adequately address the seriousness of Defendant's conduct.

The Court must also consider the need to avoid unwarranted disparities in sentencing among similarly situated Defendants. A term of nine months of incarceration is within

Defendant's U.S. Sentencing Guidelines range, which serves to avoid unwarranted sentencing disparities.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Defendant's conviction under 18 U.S.C. §§ 2 and 621 carried a maximum supervised release term of three years. Under section 3583(h), the maximum at this point is therefore three years "less any term of imprisonment . . . imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). If this Recommended Disposition is adopted by District Judge Van Tatenhove, Defendant will serve nine months of incarceration, yielding a post-revocation cap of 27 months. The Court recommends that a term of 27 months of supervised release be imposed following revocation because Defendant has shown that he can be successful on supervised release for a significant length of time, and so should be able to repeat his compliance with the help and guidance of the USPO. The Court is also hopeful that Defendant's term of nine months of incarceration, which must necessarily run consecutively to his state court term of six months of incarceration (U.S. Sentencing Guidelines Manual § 7B1.3(f)), will encourage him to take the conditions of his supervised release seriously.

Based on the foregoing, the Court **RECOMMENDS** revocation and imprisonment for a term of nine months based on the violations found, with a 27-month term of supervised release under the conditions previously imposed to follow. The Court further **RECOMMENDS** that charged Violation #2 in the Report be **DISMISSED**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

This the 30th day of January, 2014.

Signed By:
Hanly A. Ingram
United States Magistrate Judge