UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,              )
                                       )
        Plaintiff,                     )          No. 6:11-CR-16-GFVT-HAI-1
                                       )
v.                                     )
                                       )
CHRISTOPHER LEE CARTER,                )          RECOMMENDED DISPOSITION
                                       )
        Defendant.                     )
                                       )

*** *** *** ***

The Court, on referral (D.E. 278), considers reported violations of supervised release conditions by Defendant Christopher Lee Carter. District Judge Van Tatenhove entered a judgment against Defendant on September 19, 2011, for aiding and abetting his co-defendants (and vice versa) to willfully and knowingly steal and purloin various property belonging to the United States Department of Agriculture Forest Service, the total value of which exceeded $1,000.00. D.E. 99. The judgment included twenty-four months of imprisonment and a three-year term of supervised release to follow. *Id.* at 3–4. Defendant's supervised release began on October 16, 2012.

On December 26, 2013, the United States Probation Office ("USPO") issued a Supervised Release Violation Report ("the First Report") charging Defendant with three violations of his supervised release. The First Report, in Violations #1 and #2, alleged that Defendant twice violated the condition of his supervised release that states he shall "not commit another federal, state, or local crime." It further alleged that Defendant violated Standard Condition No. 11, which states "[t]he defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." The underlying

conduct in Violation #1 was a conviction upon a plea of guilty in state court to a charge of Theft by Unlawful Taking Under $500, a Class A misdemeanor.  The USPO issued a subsequent addendum to the First Report that stated that the state charges, which served as the factual basis for Violation #2, had been dismissed.

At the outset of the final supervised release hearing on January 28, 2014, the parties stated that they had arrived at an agreed disposition: if the Defendant would stipulate to the remaining violations, the United States would move to dismiss Violation #2 and would recommend revocation of supervised release, incarceration for nine months, and reimposition of supervised release for a term of twenty-seven months.  The Court adopted the parties' recommendation and further recommended it to District Judge Van Tatenhove.  D.E. 200.  On April 8, 2014, District Judge Van Tatenhove adopted the undersigned's recommended disposition.  D.E. 204.  Defendant was released on August 8, 2014.

On March 6, 2015, the USPO issued a second Supervised Release Violation Report ("the Second Report") charging Defendant with five violations, and then secured a warrant from District Judge Van Tatenhove on March 10, 2015.  D.E. 274.  The Second Report, in Violation #1, alleges that Defendant violated Special Condition No. 10 of his supervised release that states he "must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications."  Specifically, the Second Report states that Defendant admitted to "eating" approximately nine to ten tablets of hydrocodone each day, which was significantly more than the three tablets per day prescribed by his physician.

In Violation #2, the Second Report alleges that Defendant violated Special Condition No. 9, which states "[t]he defendant shall notify the USPO immediately (i.e., within no later than 72 hours) if Defendant receives any prescription for a medication containing a controlled substance

during the period of supervised release."  As a basis for this violation, the Second Report alleges that a Kentucky All Schedule Prescription Electronic Report (KASPER) inquiry revealed that Defendant was prescribed a number of prescriptions for controlled substances that were never reported to the USPO.

Violations #3, #4, and #5 allege three distinct violations of the condition that states "[t]he defendant shall not commit another federal, state, or local crime."  Specifically, in Violation #3, the Second Report alleges that on February 23, 2015, Defendant was arrested and charged with Receiving Stolen Property—Under $500, in violation of KRS § 514.110, a Class A misdemeanor, in Knox County District Court.  In Violation #4, the Second Report alleges that Defendant admitted that, on or about December 10, 2014, he stole a concrete mixer with an estimated value of $1,500.  The Second Report alleges that, based on this admission, Defendant committed a violation of KRS § 514.110(3)(a), Receiving Stolen Property—Over $500, a Class D felony.  Finally, in Violation #5, the Second Report alleges that, based on Defendant's own admission, he sold nearly eighty hydrocodone tablets for $7 per tablet, which is a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), a Class C felony.

The Court conducted an initial appearance pursuant to Rule 32.1 on March 16, 2015, and scheduled a preliminary hearing upon Defendant's request.  D.E. 277.  At that time, the United States made an oral motion for interim detention, to which Defendant did not object.  *Id.*  The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a).  *Id.*  The Court later set a final hearing following Defendant's knowing, voluntary, and intelligent waiver of his right to a preliminary hearing.  D.E. 280.

At the final hearing on April 8, 2015, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583.  D.E. 285.  At the outset of the hearing, the parties stated that they had agreed to recommend revocation, eighteen months of incarceration, and six months of supervised release with inpatient substance abuse treatment, premised upon Defendant's stipulation to Violations #1 and #5.  For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for Violations #1 and #5, as described in the Second Report.  The United States moved to dismiss Violations #2, #3, and #4.

The Court has evaluated the entire record, including the First and Second Reports and accompanying documents, the underlying judgment in this matter, and Defendant's pre-sentence investigation report.  Additionally, the Court has considered all of the 18 U.S.C. § 3553 factors imported into the 18 U.S.C. § 3583(e) analysis.  Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction.  Defendant's conviction pursuant to 18 U.S.C. §§ 2 and 641, is a Class C felony.  *See* 18 U.S.C. § 2, 18 U.S.C. § 641, 18 U.S.C. § 3559.  For a Class C felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).  The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven.  *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under U.S. Sentencing Guidelines Manual § 7B1.1, Defendant's admitted conduct qualifies as a Grade C violation with respect to Violation #1 and a Grade A violation with respect to Violation #5.  Given Defendant's criminal history category of III (the category at the time of the conviction in this District) and a Grade A violation, *see* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade"), Defendant's range, under the Revocation Table of Chapter 7, is eighteen to twenty-four months.

In support of the joint recommendation, the parties offered several justifications.  First, the United States argued that while Defendant's conduct represents a significant breach of the Court's trust, it was a direct result of his severe drug addiction.  The United States asserted that Defendant's extensive criminal history of theft was largely because of his struggles with addiction.  Moreover, the United States argued that a sentence at the bottom of the Guidelines Range was sufficient, but not greater than necessary, because of Defendant's role in the investigation of these matters as described in the Second Report, as well as during a bench conference.  Finally, the United States asserted that inpatient substance abuse treatment would not only serve to help Defendant, but would serve to protect the public against future crimes triggered by his drug addiction.  Defense counsel agreed with the reasoning of the United States and further stated that Defendant was a young man, who, with the right help, could turn his life around.

The Court has considered all of the 18 U.S.C. § 3553 factors imported into the 18 U.S.C. § 3583(e) analysis, and finds that revocation and imprisonment of eighteen months is appropriate based upon those factors.

5

Defendant's original conviction in this case was for theft.  His prior supervised release violation was for theft.  Here, again, the charged conduct includes theft.  It troubles the Court that after two terms of imprisonment, Defendant apparently continues to steal.  In addition to these thefts, Defendant's history and characteristics exacerbate this concern.  Defendant's criminal history reflects a pattern of theft beginning in 2008.  Defendant was convicted in 2008 of possession of a controlled substance and paraphernalia as well as two counts of theft.  In 2010, Defendant was charged with burglary and theft, and in 2011, he was charged with receiving stolen property.  The thefts detailed in the Second Report are not isolated mistakes, but a reflection of Defendant's habit of stealing.

The need to deter criminal conduct and protect the public is a driving factor in the Court's analysis.  Multiple terms of imprisonment have had little or no effect on Defendant's decision-making.  Therefore, a significant period of incarceration is necessary in order to protect the public from Defendant's criminal conduct.

The need to provide Defendant with education, training, or treatment is also an important factor in the Court's analysis.  Defendant's history of criminal activity is related to his severe drug addiction, and therefore substance abuse treatment is needed.  Defendant has previously attended outpatient treatment, but he has been unable to remain clean.  If Defendant can remain clean, he will hopefully be able to put his criminal history behind him and become a productive member of the community.  However, if Defendant is unable to do this, as his past has shown, he will remain a danger to the public.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue.  *See* U.S. Sentencing Guidelines Manual 7 Pt. A(3)(b) ("[A]t revocation the court should

6

sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").  The nature of supervised release includes trust placed in Defendant to strictly adhere to the conditions of his release, but Defendant has repeatedly breached that trust.  A significant term of imprisonment is warranted to address this breach.  The Court finds that revocation and a term of incarceration of eighteen months will adequately address the seriousness of Defendant's conduct.  However, another failure to adhere to the requirements of his supervision will likely result in a statutory maximum term of imprisonment.

The Court must also consider the need to avoid unwarranted disparities in sentencing among similarly situated Defendants.  A term of eighteen months of incarceration is within Defendant's U.S. Sentencing Guidelines Range, which serves to avoid unwarranted sentencing disparities.

A court may also reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation.  *See* 18 U.S.C. § 3583(b) & (h).  The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release."  *See* 18 U.S.C. § 3583(h).  The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided."  *See id.* § 3583(b).  Defendant's conviction under 18 U.S.C. §§ 2 and 641 carried a maximum supervised release term of three years.  Under section 3583(h), the maximum at this point is three years "less any term of imprisonment . . . imposed upon revocation of supervised release."  18 U.S.C. § 3583(h).  Defendant has already served a nine month term of revocation following his stipulation to the previous violations.  Therefore, the authorized reimposition term of supervised release is not more than twenty-seven months, less any term of

7

imprisonment imposed upon this revocation.  If this Recommended Disposition is adopted by District Judge Van Tatenhove, Defendant will serve eighteen months of incarceration, yielding a post-revocation supervision cap of nine months.  The Court recommends that a term of six months of supervised release be imposed following revocation.  In order to address Defendant's severe drug problem, this Court further recommends that Defendant complete an inpatient substance abuse treatment program while on supervised release.

Based on the foregoing, the Court **RECOMMENDS** revocation and imprisonment for a term of eighteen months based on the violations found, with a six month term of supervised release to follow under the conditions previously imposed, with the added condition that Defendant complete an inpatient substance abuse program.  The Court further **RECOMMENDS** that charged Violations #2, #3, and #4 in the Second Report be **DISMISSED**.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.  *See also* 18 U.S.C. § 3401(i).  As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.  Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

This the 15th day of April, 2015.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge