UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 11-16-GFVT |
| ) | |
| V. ) | |
| ) | |
| CHRISTOPHER LEE ) | **ORDER** |
| CARTER, ) | |
| ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 287] filed by United States Magistrate Judge Hanly A. Ingram. Defendant Christopher Lee Carter is charged with failing to comply with the order of his physician, failing to notify his probation officer that he had been prescribed medication containing a controlled substance, and committing three other state or federal crimes in violation of the terms of his supervised release. [R. 273].

Christopher Lee Carter was initially sentenced by this Court to twenty-four months of imprisonment and a three-year term of supervised release after he pled guilty to aiding and abetting the willful and knowing theft of various property belonging to the United States Department of Agriculture Forest Service, the total value of which exceeded $1,000. [R. 99]. He began his supervised release on October 16, 2012.

On December 26, 2013, the United States Probation Office issued a Supervised Release Violation Report charging Carter with committing another state crime and failing to notify his probation officer within seventy-two hours that he had been arrested by state authorities for theft

by unlawful taking. [R. 193]. Judge Ingram conducted the initial and final hearings, and he issued a recommendation adopting the parties' agreement for revocation, nine months of incarceration, and reimposition of supervised release for a period of twenty-seven months. [R. 200]. This Court adopted that recommended disposition. [R. 204]. Carter was released from custody on August 8, 2014.

On March 6, 2015, the USPO issued a second Supervised Release Violation Report charging Carter with five violations. [R. 274]. Specifically, the Report first alleges that Carter failed to "comply strictly with the order of any physician . . . with respect to use of all prescription medications," since Carter admitted that his daily hydrocodone consumption significantly exceeded his physician's three-tablet prescription (Violation #1). An inquiry on the Kentucky All Schedule Prescription Electronic Report (KASPER) system also revealed that Carter had been prescribed several prescriptions containing controlled substances, but had failed to inform his probation officer of these prescriptions in violation of his supervised release conditions (Violation #2). Finally, the Report charges that Carter admitted to stealing a concrete mixer worth $1,500 (Violation #4) and selling eighty hydrocodone tablets (Violation #5); he was also arrested and charged by state authorities with receiving stolen property under $500 (Violation #3). Each of these three incidents amount to committing another federal, state, or local crime in violation of the terms of Carter's supervised release.

On March 16, 2015, Judge Ingram conducted an initial appearance, at which he found probable cause to believe the violations set forth in the Report by USPO, and he remanded Carter to custody pending his final hearing. [R. 277]. Judge Ingram conducted the final hearing on April 8, 2015, at which the parties stated that they had agreed to recommend revocation, eighteen months of incarceration, and six months of supervised release with inpatient substance abuse

2

treatment so long as Carter stipulated to Violations #1 and #5. [R. 285]. Carter competently did so, and the United States moved to dismiss Violations #2, 3, and 4. On April 15, 2015, Judge Ingram issued a Recommended Disposition which recommended that Carter's term of supervised release be revoked, and that he be incarcerated for eighteen months followed by a six-month term of supervised release, with the added condition that Carter complete an inpatient substance abuse treatment program while on supervised release. [R. 286 at 8]. Judge Ingram also recommended that charged Violations #2, 3, and 4 be dismissed. [*Id.*]

Judge Ingram appropriately considered the factors under 18 U.S.C. § 3553 in reaching his recommended sentence. He found that, given Carter's continuing pattern of theft offenses, a significant period of incarceration was warranted to deter his criminal conduct and protect the public. [R. 286 at 6]. He explained that, even though Carter's history of theft-related crimes stems from his severe drug addiction, this Second Report represents Carter's second serious breach of the Court's trust. [*Id.* at 6-7]. Finally, pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id*. at 8]. *See* 28 U.S.C. § 636(b)(1). As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Further, Miller

recently filed a waiver of allocution [R. 282], expressly waiving any right he might have had to a hearing prior to a final judgment by this Court.  This Court has nonetheless examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The final hearing and allocution hearing scheduled for June 10, 2015 is **CANCELLED** in light of the Defendant's recently filed Waiver of Allocation.  [R. 288].

2. The Recommended Disposition [**R. 286**] as to Defendant Christopher Lee Carter is **ADOPTED** as and for the Opinion of the Court;

3. As to charged Violations #1 and #5, Carter is found to have violated the terms of his Supervised Release as set forth in the March 6, 2015 Report filed by the U.S. Probation Office;

4. Charged Violations #2, 3, and 4 of the U.S. Probation Office's March 6, 2015 Report are **DISMISSED**;

5. Carter's Supervised Release is **REVOKED**;

6. Carter is **SENTENCED** to the Custody of the Bureau of Prisons for a term of eighteen (18) months, with a term of six (6) months of supervised release to follow, under the conditions previously imposed and those additional conditions recommended by the Magistrate Judge; and

7. Judgment shall be entered promptly.

This the 8th day of May, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge