UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>)<br>    Plaintiff,                              )<br>)<br>V.                                               )<br>)<br>CHRISTOPHER LEE CARTER,      )<br>)<br>    Defendant.                          )  | Criminal No. 6:11-cr-16-GFVT-01<br><br>**ORDER** |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 316.] Defendant Christopher Lee Carter's lengthy history of supervised release violations is detailed in Judge Ingram's Recommended Disposition, but, most recently, Mr. Carter has been charged with one violation based on his possession of a handgun in violation of KRS § 527.040. At a final revocation hearing before Judge Ingram on December 12, 2016, Mr. Carter knowingly and voluntarily stipulated to the violation.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition advised the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 8-9.] *See* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition were filed within the appropriate time period by either party. Instead, Mr. Carter through counsel filed a waiver of allocution on December 14, 2016. [R. 317.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a

de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Nevertheless, this Court has examined the record, and it agrees with Magistrate Judge Ingram's Recommended Disposition.  Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors throughout his analysis.  He noted Mr. Carter's patterned criminal behavior and emphasized that this was Carter's third term of supervised release.  [*See* R. 316 at 6-7.]  While Mr. Carter suffers from a severe drug addiction, Judge Ingram found the addiction does not wholly mitigate Carter's continued disregard for the law.  [*Id.*]  Ultimately, the Court agrees with Judge Ingram that a sentence above the Guidelines Range is warranted here in light of Mr. Carter's repeated breaches of the Court's trust and the need to protect the public and deter future criminal conduct.  The Court joins with Judge Ingram in admonishing the Defendant to find the strength within himself to make better choices going forward, particularly in light of the fact that no additional term of supervised release may be imposed.  [*See id.* at 8.]

Being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [R. 316] as to Defendant Christopher Lee Carter is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Carter is found to have violated the terms of his supervised release as set forth in the report filed by the United States Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Mr. Carter's term of supervised release is **REVOKED**;

4. Mr. Carter is **SENTENCED** to a term of **twenty (20) months** of incarceration;

5. Because the imposed period of incarceration exceeds the maximum authorized term of supervised release, no additional term of supervised release shall follow [*see* R. 316 at 7-8]; and

6. Judgment shall be entered promptly.

This the 28th day of December, 2016.

Gregory F. Van Tatenhove
United States District Judge